CITY OF ST. LOUIS, Appellant, v. CLARENCE WATERMAN et al.

### Division Two, March 4, 1919.

**CONDEMNATION:** Failure to Describe Property or Interest: Dismissal: Jurisdiction. A proceeding brought by the City of St. Louis to open a street, wherein the petition sets forth the ordinance authorizing it and sufficiently describes its termini, course and width, cannot be dismissed for that neither the ordinance nor the petition sets forth a description of the property and estate or interest of some of the defendants who file a motion to dismiss. Although the charter requires that the petition contain "a description of the property and the estate or interest in each instance which the city seeks to appropriate or damage," and the petition because of an omission of those necessary recitals does not state a cause of action and is bad on demurrer, the court has jurisdiction of the subject-matter, and a description of the street to be opened gives it jurisdiction over the particular action, and the defect in the description of a defendant's property or a failure to state his interest therein can be cured by amendment.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

REVERSED AND REMANDED.

*Chas. A. Daues, H. A. Hamilton* and *G. Wm. Senn* for appellant.

(1) The allegation of interests in the land to be appropriated, though erroneously set out in its petition by the condemner, would not alter the standing of and cause of action by the condemner; the respective rights

of the defendants to the awards made would attach none the less in accordance with the facts shown and with the true interests in the land taken. St. Louis v. Barthel, 256 Mo. 276. (2) The particular description of each property and of the various estates and interests therein, if such allegation thereof in the petition, by interpretation of the city charter, be required, is yet not jurisdictional in character. St. Louis v. Franks, 78 Mo. 42; Thompson v. Ry. Co., 110 Mo. 158; Union Depot Co. v. Frederick, 117 Mo. 147; Kansas City v. Smart, 128 Mo. 289. (3) The practice in actions for the exercise of eminent domain follows the general rules of practice, when not governed by special statutory or charter provision in the particular instance; i. e., upon petition filed stating defectively or loosely an action in condemnation for public use, the practice would not dictate a categorical dismissal of the petition—upon any theory of legal requirement of the condemning agent to present, at the peril of sacrifice of its cause of action, an original petition, perfect and invulnerable even in the particulars; instead, the practice would afford opportunity to supply form or substance in accord with the fact of an existing cause of action, before dismissing for a failure or refusal so to supply. St. Louis Ry. Co. v. Fowler, 113 Mo. 467; Leavenworth Bridge Co. v. Atchison, 137 Mo. 230; St. L., K. & N. W. Ry. Co. v. Knapp-Stout Co., 160 Mo. 407; St. Louis v. Lang, 131 Mo. 419.

WHITE, C.—This is a condemnation proceeding brought by the City of St. Louis for the purpose of opening a street. Thirty or forty individuals, corporations and trustees, are named as parties defendant.

The petition sets forth that on the 25th of July an ordinance, No. 28108, went into effect in the City of St. Louis, to establish and open a street to be known as Kingsbury Boulevard extending from Clara Avenue to De Baliviere Avenue. The ordinance is set out in the petition. Section 2 of said ordinance is as follows:

"Section Two. A street to be known .as Kingsbury Boulevard, extending from Clara Avenue to De Baliviere Avenue, as hereby established as a public highway one hundred feet wide, the centre line thereof to run fifty feet north of and parallel to the north line of property now or formerly owned by Sarah E. Simmons, Emma P. Simmons and Susan M. Simmons, and the north line of property now or formerly owned by Stewart Shallcross Real Estate Company, in City Block numbered thirty-eight hundred and seventy-five, west.

"The said centre line being distant about four hundred and ninety feet north of the north line of Waterman Avenue, measured along the east line of De Baliviere Avenue."

The petition then alleges that it is necessary for the purpose of opening said Kingsburg Boulevard as provided in the ordinance, No. 28108, to appropriate, condemn, take and damage private property for public use, pursuant to the provisions of said ordinance; and further: "That the defendants named in the caption of this petition respectively are the owners of, or claim some interest in, the several lots or parcels of land included in the property hereinbefore described and sought to be condemned, appropriated, taken or damaged for the purposes of the ordinance aforesaid."

The petition then prays that process issue, that commissioners be appointed to assess and award the value of property proposed to be taken "and other damages which the respective owners or persons claiming an interest in" the lots and parcels of land included in the premises heretofore described may severally sustain, and also to assess benefits against all lots or parcels of property or interest therein which will be especially benefitted by the establishment of said street; that the plaintiff have judgment for the condemnation of the property hereinbefore described, etc., and that plaintiff may have judgment against the

several lots or parcels of property, or interest therein, for assessment of special benefits, etc.

To this petition the defendants, who are respondents here, Clarence Waterman, Mary Virginia Tompkins, Adele K. Worthington and George Y. Worthington, her husband, and Winifred Waterman, filed their joint answer. This answer was afterwards withdrawn with leave and each of the five named defendants filed a motion to dismiss the plaintiff's petition. The ground presented in each motion is the same, to-wit: 

"That said petition does not set forth a description of the property and estate or interest of this defendant therein which the plaintiff seeks to appropriate or damage."

These motions were filed on the 15th day of May, 1916, and on the 17th day of May the court made this entry: 

"It appearing to the court that heretofore, to-wit, On the 15th day of May, 1916, the separate motions of defendants George Y. Worthington, Mary V. Tompkins, Clarence Waterman, Winifred Waterman and Adele K. Worthington to dismiss plaintiff's petitions were sustained, it is now therefore considered and adjudged by the court that the plaintiff's cause of action be and the same is hereby dismissed for want of jurisdiction, and that the defendants have and recover of plaintiff the cost of this proceeding and that execution issue therefor."

Thereafter, at the same term, the plaintiff city filed its motion to set aside the order of dismissal and grant the order of rehearing. This motion was overruled and the plaintiff appealed.

I.  The proceeding in this case is under Section 1 of Article 21 of the Charter of St. Louis adopted in 1914. This section provides for "condemnation of or damage to private property." It sets forth that the Board of Aldermen may provide by ordinance for the appropriation of private property or any easement or

use therein for public use and the City Counsellor in the name of the city shall apply promptly, "to the circuit court of the Eighth Judicial Circuit, or to any judge thereof in vacation, *by petition setting forth the general nature of the public use for which the property is to be appropriated or damaged, a description of the property and the estate or interest therein in each instance which the city seeks to appropriate or damage,* and praying the appointment of three disinterested commissioners to assess *damages and benefits* as hereinafter provided, to which petition the owners shall be made defendants by name, if known, and if unknown, by describing their claims or interests in such property and how derived by them. If the action affect the property of persons under guardianship the guardians shall be made defendants; if an estate or interest less than a fee, the persons having the next vested estate in remainder or reversion shall be made defendants or their interests will not be bound; but only persons in actual possession of and claiming title or who have record title appearing upon the proper records of the city to property affected, need be made defendants. Notice of the filing of the petition, describing the property to be taken or damaged, shall be filed and recorded in the office of the Recorder of Deeds, otherwise purchasers of such property shall not be bound by the proceedings under the petition."

Section 2 of the article provides for the issuance of summons and the manner of service upon the different parties; Section 3 of the article provides for the appointment of commissioners and the assessment of damages and benefits.

The petition does not describe any property of the individual defendants to the action. It sets out the direction, distance and width of the street which it was proposed to establish as stated in the part of the ordinance quoted. Individuals having real estate through which the street would run or which it would

affect might possible gather that they would be affected by the opening of the street, but there being no property described, as provided by the very terms of Section 1, Article 21, of the Charter, the petition fails to state a cause of action. It would have been bad on demurrer. If however, enough is stated to give the court jurisdiction of the cause which is attempted to be set forth and enough so that it could be amended on application to the court, then the trial court erred in dismissing the proceeding.

It will be noticed that the motion filed by these respondents did not simply ask that the case be dismissed as to them or each of them, but asked that the *proceeding* be dismissed and the order of the court sustaining the motions dismisses the entire proceeding for want of jurisdiction, not only as to these defendants, but as to all other defendants.

Jurisdition of the subject-matter was defined by this court in the case of St. Louis & San Francisco Ry. Co. v. Lowder, 138 Mo. 533, 1. c. 536, as follows: "Jurisdiction of the subject-matter is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case arising, or which is claimed to have arisen, under that general question."

In a later case, Charles v. White, 214 Mo. 187, 1. c. 206, this definition is given, quoting from a New Jersey case: "Jurisdiction may be defined as the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. Third, the point decided must be, in substance and effect, within the issue."

It is apparent that the court may have jurisdiction of the general subject of the class of case which the action contemplates without having jurisdiction of the

particular property or subject-matter sought to be affected by the suit.

It has been held in a condemnation proceeding, where a description of the property sought to be condemned is required, that the requirement is' jurisdictional and failure to describe. it renders the entire proceeding void. [San Francisco, etc. R. R. Co. v. Gould, 122 Cal. 601.] However, it is generally held that a defect in such description or the absence of proper description may be cured by amendment. [2 Nichols Eminent Domain, sec. 402, pp. 1072-3; Smith v. City of Detroit, 120 Mich. 572; City of Chehalis v. City of Centralia, 138 Pac. 293.] In the last case cited it was held that the judgment was not subject to collateral attack although the property of each defendant was not described in the petition. It was said by this court in the case of St. Louis v. Barthel, 256 Mo. 255, that in a condemnation proceeding, "the suit is one of inquiry as to who the owners of the land are, as well as to condemn it for public purposes," and that a proceeding of the kind would not be nugatory merely because it made a mistake as to who were the owners of the land described. In this case the charter requires that the petition shall set forth a "description of the property" which the suit seeks to appropriate or damage.

Now the motion on which the proceeding was dismissed gives as the only reason for sustaining the motion that the petition "does not set forth a description of the property and estate or interest of this defendant therein which the plaintiff seeks to appropriate or damage." There were other defendants much more numerous whose property might be affected, might be taken or damaged or *benefitted,* and they would be properly in court on sufficient petition. The petition in this case sets out the ordinance providing for the condemnation and a description of the street which it is desired to open. That is, the distance, direction and width of the street. The court had jurisdiction of this

class of cases and a description of the particular street desired to be opened gave it jurisdiction of this particular action. Of course, any owner of land affected in any way whatever by the proceeding, if he did not appear in the proceeding, would not be bound by it because his land is not described. [Leavenworth Ter. Ry. & B. Co. v. Atchison, 137 Mo. 218, l. c. 230.] But the court had jurisdiction of the subject-matter of the action to proceed with the cause on a sufficient petition.

. In the case of Kansas City Interurban Ry. Co. v. Davis, 197 Mo. 669, a condemnation proceeding under the statute which provided that owners of all parcels of land affected, with whom the corporation seeking to condemn could not agree, shall be made parties, it was held that the proceeding was properly dismissed because all such owners were not made parties. There is no provision in the section of the St. Louis charter quoted requiring an attempt to agree with the owners, as a prerequisite to proceeding with the case. [See K. C. Interurban Ry. Co. v. Nelson, 193 Mo. 297.] Besides, that section of that charter provides that the owners of certain interests "shall be made defendants or their interests will not be bound; but only persons in actual possession of and claiming title or who have record title appearing upon the proper records of the city to property affected, need be made defendants." So that parties having other interests than those mentioned need not be made defendants. There is nothing in the allegations to show whether the moving defendants were necessary or only proper parties, or to show that the court would not have jurisdiction to proceed without them.

The plaintiff had a right to amend its petition by leave and on request it would have been error to refuse leave to amend. It could amend and proceed as against all defendants not complaining, and had no authority to dismiss the proceeding because some of

the defendants complained that their property was not described.

The court erred in the order dismissing the proceeding upon the motions as filed.

The judgment is reversed and the cause remanded.

*Roy, C.,* absent.

PER CURIAM:—The foregoing oninion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.