CITY OF ST. LOUIS v. FREDERICKA SMITH, Executrix of Estate of HENRY M. SMITH ET AL., Appellants.—30 S. W. (2d) 729.

Division Two, June 11, 1930.

472

*R. M. Nichols* for appellants.

*Julius T. Muench, G. Wm. Senn* and *J. B. Steiner* for respondent.

WALKER, J.—This suit is brought by the city of St. Louis against the owners of certain property in that city, including that of the appellants, to condemn their property under the provisions of Section 31107 of the ordinances of said city, authorizing the condemnation of private property for public use, for the purpose of opening and widening Franklin Avenue as a public street.

In conformity with the course prescribed by our procedure in cases of this character, aside from the objections to their regularity urged by the appellants, which we will discuss later, the commissioners appointed by the court awarded damages to Henry M. Smith

in the sum of $8,500 for the taking of his entire property on Fourth Street. Upon his subsequent death during these proceedings, his wife, who was the executrix of his estate, was made a party defendant. As his legal representative, together with his heirs, who were also made parties, an appeal was taken to this court from the judgment rendered on said award. The property involved in this suit is a triangular strip of ground fronting on Fourth Street and running through to Third Street. The base of this triangle was owned by the Schopp estate. It has an area on its base of 41 feet and 8 inches on Franklin Avenue, 62½ feet on Fourth Street and 66 feet on Third Street. Adjoining it on the north is a piece of property owned by the Scott estate, having a frontage of 25 feet on the east line, or Fourth Street, by a depth on its south line of 25 feet and 6½ inches, and on its north line of 16 feet and 3½ inches, and a frontage on Third Street of 25 feet and 5 inches. The apex of this triangle was owned by Henry M. Smith. It had a frontage of 56 feet and 6 inches on Fourth Street, and a width on the southern line, or the line adjoining the Scott estate, of 16 feet and 5 inches, and on Third Street a frontage of 59 feet and 8¾ inches, running to a point upon the north line. The following map more clearly indicates the location of this property.

We are only concerned here with that portion of the property owned by the Smith estate. Without otherwise disposing of the motion of the respondents to strike out certain portions of the appellants' abstract, it will suffice to say that the irrelevant portions of the same will be disregarded.

The issues are sufficiently set forth in the appellants' assignment of errors to enable a clear understanding to be had of the matters in controversy. These assignments are as follows:

1. The court erred in overruling appellants' motion for a jury to hear and determine damages sustained upon the exceptions filed to the commissioners' report.

2. The court erred in overruling appellants' exceptions to the report of the commissioners as to the market value of appellants' property shown by a preponderance of the testimony.

3. The court erred in admitting testimony as to the diminution of the rental value of appellants' property by reason of the claimed permissive use of the sidewalk in appellants' business.

4. The court erred in giving Instruction 2, at the instance of respondent, for the reason that no testimony was offered and none admitted, as to the method described in said instruction for ascertaining the market value of appellants' property.

5. The court erred in overruling appellants' objection and exception to the testimony of John C. Greulich as to what the award of the commissioners showed.

6. The court erred in striking out the testimony of R. C. Buchanan, upon the ground that his testimony as to the value of the property was based upon its rental income, when his testimony showed that he was acquainted with the property and knew its market value.

I. This is a proceeding under the law of eminent domain. An essential to the proper exercise of the rights granted by this law is that every legislative requirement, whether it be by the state or a municipality, must be strictly complied with. [State ex rel. Siegel v. Grimm, 314 Mo. 242, 284 S. W. 490.]

II. The first contention of the appellants is that an essential to the proper exercise of the respondent's right to condemn their property was denied by the trial court in refusing to grant them a trial by jury to hear and determine the damages sustained by the award of the commissioners and the judgment rendered thereon. There is a familiar provision of our State Constitution to the effect:

"That private property shall not be taken or damaged for public use without just compensation. Such a compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law," etc. [Art. 2, Sec. 21, Const. Mo.]

It will be seen that the general terms employed in the foregoing constitutional provision are limited "to the manner prescribed by law." Legislative action, under this provision, has found expression in two sections of the Revised Statutes of 1919, viz; Sections 8679 and 8752. Section 8679, after prescribing the procedure upon the report of the commissioners, provides that "any party shall be entitled to have the damages assessed by a trial by jury as at common law, upon claiming the right in the exceptions to the report of the commissioners."

This section, while otherwise general in its terms, limits the right of a trial by jury to cases in which that right was given under the common law. This limitation is, therefore, in harmony with the

constitutional provision (Sec. 28, Art. 2), to the effect that "the right of trial by jury, as heretofore enjoyed, shall remain inviolate." [Bates v. Comstock Realty Co., 306 Mo. 328; Eckrich v. St. Louis Tr. Co., 176 Mo. 621, 648.]

In Hickox v. McKinley, 311 Mo. 1. c. 242, the constitutional provision is construed, in the light of numerous rulings of this court, to the effect, that: "If the right to a jury trial exists it is by virtue of the Constitution in force at the time, whether it be that of 1820 or 1865, which merely guaranteed the continuance of the common law right and that right the Constitution of 1875 preserves but does not extend." [State v. Hamey, 168 Mo. 167; State ex rel. Ry. v. Withrow, 133 Mo. 500.] However, at the common law the right of trial by a jury in condemnation proceedings by a municipal corporation did not exist. [St. Joseph v. Geiwitz, 148 Mo. 210, 216.] It follows, therefore, that the plaintiffs' claim to the right of a trial by jury, under the facts in this case, has not been conferred by Section 8679, supra.

A subsequent constitutional provision has been invoked in cases of this character as conferring the right to a trial by jury upon the parties thereto. This provision (Sec. 4, Art. 12), so far as it relates to the exercise of the right of eminent domain, is as follows: "The right of trial by jury shall be held inviolate in all trials of claims for compensation when in the exercise of said right of eminent domain, any incorporated company shall be interested, either for or against the exercise of said right."

In Kansas City v. Vineyard, 128 Mo. 75, which was a proceeding by that city to condemn private property for the purpose of extending one of its streets, it was held that a municipal corporation was not an incorporated company within the meaning of the above constitutional provision, and conferred no right upon a person whose land was sought to be condemned for the extension of the street, to a trial by a jury on the question of damages, citing cases. The Vineyard case defines clearly the distinguishing differences between a business corporation and a municipal corporation, the gist of which is that the former is one organized for the purpose of carrying on a business for profit; while the latter is organized with political and legislative powers for the local civil government and police regulation of the people of a particular district included within its boundaries; and that it is a subordinate branch of the domestic government of a state. [Heller v. Stremmel, 52 Mo. 312; Mayor v. Ray, 19 Wall. 475.] Thus differentiated, to which are added other reasons, not necessary to be set forth here, a municipal corporation is held not to be included in the constitutional provision.

III. It is further contended that the plaintiff was entitled to a jury trial under the provisions of Section 8752, Revised Statutes

478

1919. This Section is limited in its application to cities having more than 10,000 and less than 30,000 population, which have special charters. [Secs. 8741-8757.] Hence a right to a trial by jury was not authorized under Section 8752, supra. In passing it is not irrelevant to say that the ruling in City of St. Louis v. Worthington (Mo.), 19 S. W. (2d) 1066, is in error which implies that in an eminent domain proceeding in the City of St. Louis a trial by jury is authorized.

IV. Appellants assign error in the overruling of their exceptions to the value placed on their property by the award of the commissioners and confirmed by the judgment rendered thereon. The inadequacy of the award, based on a fair market value of the property, is the basis of the contention. While it is true that an award will not be set aside on account of an adverse preponderance of the testimony, provided there is substantial evidence in its support, it remains to be determined in this as in other cases of like character, whether in view of all of the facts, such evidence has been adduced. In its absence the discretionary power of the appellate court exists to reverse a judgment on an inadequate award, despite the general rule on non-interference, based on the weight of the evidence. [City of St. Louis v. Worthington (Mo.), 19 S. W. (2d) 1066; Devine v. St. Louis, 257 Mo. 470, 475; Bank v. Wood, 124 Mo. 72, 76.] The aggregate value of the Smith property, as fixed by six of these witnesses, was $146,500, which results in an average valuation by each of more than $24,000. The total valuation fixed by the other two witnesses was $18,000, or an average valuation by each of $9,000. If a general average of the valuation of each of these eight witnesses be deduced from a total of all of their testimony, it will show an individual valuation by each of more than $20,000. This conclusion, while it may be lacking in probative force to fix the valuation of the property for the purpose of condemnation, is not only persuasive but ample to demonstrate the truth of the fact that the award of the commissioners is inadequate, not alone on the ground of a preponderance of adverse testimony, but because there is no substantial evidence to sustain it. Further cogency is given to this conclusion by a comparison of the award here in question with the valuations fixed by the commissioners, upon the Schopp and Scott properties, forming parts of the triangle shown in the plat, having frontages on the same street and subject, so far as their respective widths are concerned, to a like extent of condemnation. The Schopp property has a frontage on Fourth Street of 62 feet and 6 inches, for which damages were awarded in the sum of $45,600, or more than $695 for each

front foot. The Scott property has a frontage on Fourth Street of twenty-five feet, for which damages were awarded in the sum of $15,700, or more than $625 per front foot. A marked contrast between these valuations and awards and that of the Smith property is evident. In the latter the total valuation was $8,500, or $150 per front foot. Taking the disparity in these valuations into consideration, in the presence of other evidence which the record discloses of like conditions as to improvements in all of these properties, the inadequacy of the award in the Smith property seems beyond question.

V. The admission of testimony to show the diminution of the rental value of the Smith property by reason of the use of the ▬▬▬ adjacent sidewalk in appellants' business is urged as error.

The relevancy of this testimony for the purpose for which it was introduced, is difficult to determine. The proof necessary to determine the measure of appellants' damages is the fair market value of the property. If, as Smith testified, he found it necessary at times in the transaction of his business to use a portion of the sidewalk, that use was purely permissive, and evidence in regard to such use, while it may have violated an ordinance, was irrelevant to determine the value of the property in a proceeding by the city to condemn the same. A review of this testimony, however, does not disclose its prejudicial character and appellants' contention in regard thereto is overruled.

VI. Instruction numbered 2, given at the request of the respondent, is assigned as error in that no testimony was offered ▬▬▬ as to the method prescribed in the instruction for ascertaining the market value of appellants' property. The instruction is as follows:

"2. The court declares the law to be that the market value of the exceptor's property is not to be determined by the value of the strip appropriated to plaintiff, nor plaintiff's necessity of acquiring it, nor by its value to exceptor, but the market value is that sum which the exceptor could obtain if he wanted to sell it, but was not forced or compelled to sell, from one who wanted to buy it, but was not compelled to buy."

The authorities do not sustain the contention of the appellants that this instruction was error. In a number of cases we have held that in determining the market value of property in a case of this character, the measure of the damages is the price it will bring when offered for sale by one who desires but is not obliged to sell and it is bought by one who is under no necessity of acquiring it. [St. Louis, etc. Ry. Co. v. Knapp-Stout & Co., 160 Mo. 396,

410; St. L. K. & N. W. Ry. Co. v. St. L. Stock Yds. Co., 120 Mo. 541, 553; Metro. Ry. Co. v. Walsh, 197 Mo. 392.]

VI. The admission of the testimony of one of the commissioners is urged as error. The admission of testimony of this character has frequently been under review by this court. In St. Louis v. Abeln, 170 Mo. 318, 326, we held unqualifiedly that commissioners may be called to testify as witnesses in a proceeding to condemn property as in the instant case. This ruling, while absolute, is not satisfactory in that it is based wholly on the ground that no statute disqualifies such witnesses. The most satisfactory ruling is in School Dist. v. Phoenix etc. Co., 297 Mo. 332, 339, 249 S. W. 51, in which RAILEY, Commissioner, while holding that the testimony of such witnesses is competent, the fact that a witness was a commissioner who assessed the damages should not be permitted to go to the jury. The question was again under review in City of Cape Girardeau v. Hunze, 314 Mo. 438, 456, in which the ruling in the Abeln case, as modified in the School District case, was, impliedly at least, approved. We find nothing in the testimony of the commissioner in the instant case which militates against the rule as modified and no injury having resulted to the appellants their contention is overruled.

VII. Error was committed in striking out the testimony of the witness Buchanan. Neither of the parties stress this question in their briefs and we are authorized in concluding that it has been abandoned. For the errors noted the case is reversed and remanded to be proceeded with as indicated in this opinion. All concur; *Blair*, *P. J.*, in Pars. I and IV, and the result.