**UNION COMMERCE BANK, Trustee for Longwood Community Homes Trust, Plaintiff, v. KIMBO, Defendant.**

Municipal Court, Cleveland.

Nos. A 531-149, 531-150, 529-953, 529-954, 529-955, 529-956.

Decided October 15, 1959.

Sheldon Clark, Cleveland, for plaintiff.

C. W. Fleming, Stanley J. Tolliver, Cleveland, for defendants.

**OPINION**

By GROSSMAN, J.

The Union Commerce Bank as trustee for Longwood Community Homes Trust, owner of property at 3900-4000 Scovill Avenue, Cleveland. Ohio, brought summary proceedings against defendant-tenant in forcible entry and detainer to evict for holding over after term, asserting violation of month-to-month written lease. Defendant filed a jury demand within time allowed by rule of court and made the required $10 deposit. Five other cases are essentially the same except that in Numbers A 529-953—A 529-956 inclusive cross-petitions were filed.

Counsel in all cases being present, all were on for oral argument before this court October 9, 1959, on plaintiff's motion to deny the jury demand in each cause. Plaintiff's motion was founded upon a clause in the written lease with defendant which read:

The lessee waives and will waive all right to trial by jury in any summary proceeding hereafter instituted by the lessor against the lessee in respect to the demised premises.

Defendant (and each of them) admitted the contract, but contended defendant had not read the lease and that a jury trial was a right which could not be waived in advance of actual litigation. Defense counsel agreed waiver after suit was filed was a common practice and valid. The sole question before the court was whether the clause in the contract between the parties was unenforceable as against public policy.

The court finds that the jury waiver in the lease preserves the summary character of the eviction proceedings, and was a reasonable provi-

sion for the landlord to ask as a condition of letting the premises. The jury demand in the instant cases had prevented trial on the merits from as far back as two months ago, during which time defendant was under no compulsion to pay rent, or otherwise fulfill the terms of his lease. This contrasts with normal forcible entry and detainer calls of from 7 to 18 days, depending on amount of judgment asked. Public policy would appear to favor, rather than set aside, enforcement of the contract of lease in this case.

Both parties admit Ohio law permits jury waiver once a case is filed. Plaintiff cited precedents where the lease clause it relies upon was upheld where, like here, the waiver was in anticipation of summary proceedings. Waterside Holding Corp. v. Lask (AD 1 1931) 253 NYS, 183, and Nowey v. Kravitz, 51 A. (2d), 495, 133 Connecticut 394. See also 2 Landord & Tenant and Summary Proceedings, Sec. 1406, page 1160 by Joseph Rasch, and cases therein.

Clauses identical to that in the lease of the parties here are common in Ohio. (See e. g. 3 Ohio Practice, Real Property by Robert L. Mausser, Sec. 3925, p. 172.)

It remains to be said that cross-petitions did not change the summary character of the proceedings or class of case under rules of this court. Plaintiff's motion to deny the jury demand granted with exceptions to the defendant. Case assigned to forcible entry and detainer docket. The same ruling is made in each of the other five cases.