**Gertrude RANDOLPH, Plaintiff-Respondent,**

v.

**Noel J. SIMPSON and Bobbie D. Simpson, Defendants-Appellants.**

No. 26519.

Missouri Court of Appeals, Kansas City District.

Oct. 1, 1973.

Snowden, Crain & DeCuyper, Stephen V. Crain, North Kansas City, for defendants-appellants.

John R. Moore, Platte City, for plaintiff-respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Plaintiff filed suit in two counts. The first count sought attorney's fee and a deficiency judgment on a note resulting after a trustee sale under a second deed of trust securing the note. The second count sought damages for waste committed by the makers of the note and second deed of trust while in possession of the real property described in the second deed of trust.

The case was tried to the court without a jury. Judgment was entered on December 22, 1971, in favor of plaintiff and against defendants, jointly and severally, for attorney's fee, the amount of the deficiency on the note and damages for waste.

Defendants raise two heterogeneous points on appeal. One, defendant did not waive trial by jury, therefore the trial court erred in trying the case without a jury. Two, judgment for both deficiency on the note and damages for waste awarded plaintiff "double damages".

In order to resolve point one it becomes necessary to focus attention on certain controlling constitutional provisions, statutes and legal principles, to segregate the applicable facts, and to render final disposition on the basis of conclusions compelled by analyzing the applicable facts in light of the controlling constitutional provisions, statutes and legal principles.

■ Article I, Section 22(a), Constitution of Missouri, V.A.M.S. solemnly guarantees "the right of trial by jury as heretofore enjoyed shall remain inviolate." To the rank and file of the citizens of this state, few, if any, constitutional guarantees invoke the degree of personal identification and impassioned support as does the right of trial by jury. Nevertheless, since the right of trial by jury in a civil action is a personal right, it may be waived. Meadowbrook Country Club v. Davis, 421 S. W.2d 769 (Mo.1967), and cases therein cited. However, the right to be tried by one's peers has so imbued our legal system with public trust and confidence because of its inherent ability to do justice, that courts and legislative bodies alike have ever been averse to use waiver as a vehicle to dissipate the right. Section 510.190, subd. 2, RSMo 1969, V.A.M.S. is indicative of the aversion of this state's legislative body to dissipate the right of trial by jury by the use of waiver as a vehicle, by prescribing, with specificity, only four methods by which a party "shall be deemed to have waived trial by jury", same being, "(1) By failing to appear at the trial; (2) By filing with the clerk written consent in person or by attorney; (3) By oral consent in court, entered on the minutes; (4) By entering into trial before the court without objection." Meadowbrook Country Club v. Davis, supra, holds that Section 510.190, subd. 2, supra, and Rule 69.01(b), V.A.M.R. promulgated and adopted pursu-

ant thereto, provide "the exclusive manner" for waiving trial by jury, and that such can not "be changed or enlarged except by the legislature", thus indicative of the aversion of the courts of this state to avow any right whatever to dissipate the right of trial by jury by the use of waiver as a vehicle.

▮ Counsel for defendants, prior to December 22, 1971, on at least two occasions informally and other than in open court (the court's minutes are silent as to any oral waiver) indicated to the trial court and opposing counsel that a jury would not be required by defendants. Nevertheless, no waiver in compliance with any of the four "exclusive" methods prescribed by Section 510.190, subd. 2, supra, in fact, occurred. Defendants appeared by counsel at the trial; no written waiver was executed or filed; and no oral waiver was made in court and entered in the minutes. Additionally, at the outset, on the morning of the trial, counsel for defendants advised the court, as a matter of record, that trial by jury was not being waived, thus precluding determination that defendants "entered into trial before the court without objection". This court is reluctantly constrained to find that defendants did not waive their "inviolate" right of trial by jury. However, this court would be remiss if it failed to briefly outline certain prior events culminating in the trial court's decision to proceed with trial of the case absent a jury. Defendants' original counsel withdrew the day before the case was originally set for trial. Present counsel for defendants, who entered the case the day it was originally set for trial, requested a continuance, which was granted. Thereupon, December 8, 1971, was selected as a new trial date. On December 7, 1971, a secretary for defendants' counsel notified the court and opposing counsel that the case could not be tried on December 8, 1971, because the attorney handling the file was on a skiing vacation in Colorado. The case was again continued and December

22, 1971, was selected as the new trial date. At this point of time, although defendants were still represented by the same firm, a different member of the firm took over the file. On the morning of December 22, 1971, counsel for defendants requested another continuance on the ground that defendants had never been notified of the trial date, and consequently were not present to participate in the trial. The request for a continuance was denied and counsel for defendants then advised the court that defendants were not waiving trial by jury. The trial court, having obviously relied on the informal out-of-court assurances made by counsel for defendants that a jury would not be required, did not have a jury available, and therefore proceeded to try the case absent a jury. This court's initial reaction to the aforementioned sequence of events was one of empathy with the trial court, thus being inclined to "reach out" to find some legally sound basis for holding that defendant had waived trial by jury. Upon objective analysis however, "free from the fray", there is no escape from the conclusion that the aforementioned sequence of events does not support waiver. If supportive of anything it would be in the nature of estoppel, but this court finds no convincing authority to justify denying a party litigant the right of trial by jury on the tenuous theory that they were estopped from claiming their right to trial by jury.

Although resolve of point one is dispositive of this appeal, certain comments concerning point two asserted by defendant may, hopefully, be of guidance to court and counsel when the case is retried.

▮ There are certain salient facts to bear in mind in order to make any discussion of defendants' second point meaningful. Plaintiff was the successful bidder at the trustee's sale; the alleged waste occurred prior to the trustee's sale; and plaintiff's action for waste was filed after the trustee conveyed title to plaintiff, and after the occurrence of all facts necessary

to determine any deficiency due under the note. The doctrine of caveat emptor applies to foreclosure sales under powers contained in deeds of trust. Adams v. Boyd, 332 Mo. 484, 58 S.W.2d 704 (1933). The foundation for vesting a beneficiary under a deed of trust with the right to sue for waste is impairment of the security. Terry v. C. B. Contracting Company, 388 S.W.2d 349 (Mo.App.1965); Edelman v. Poe, 267 Ala. 387, 103 So.2d 333 (1958), and Cottle v. Wright, 140 Misc. 373, 251 N.Y.S. 699 (N.Y.1931). Any damages for waste recovered by the beneficiary of a deed of trust "must be applied pro tanto on the mortgage indebtedness." 59 C.J.S. Mortgages § 334, p. 461. See also Edelman v. Poe, supra.

When plaintiff purchased the real property at the trustee's sale she did so at her own risk regarding the effect of any alleged waste on the then existing condition and fair market value of said property. The amount paid by plaintiff for the real property at the trustee's sale, after making allowance for certain credits, constituted the basis for determining the amount of any deficiency judgment plaintiff was entitled to on the note. Under the facts of this case, the amount of any finally adjudicated deficiency judgment would appear to be equivalent to the amount of the mortgage indebtedness prior to foreclosure remaining after a pro tanto application of any damages that might have been recovered for waste. Therefore, what basis exists, in theory or in fact, to permit a former beneficiary under a deed of trust to bring suit after a trustee's sale for both deficiency on the note and damages for waste? To permit both, under the facts of this case, would appear to result in double recovery and unjust enrichment because of the very nature of an action for waste by the beneficiary of a deed of trust.

Judgment reversed and cause remanded for a new trial.

All concur.