**BANK OF BOURBON, a corporation, Plaintiff-Respondent,**

v.

**MID–MO LEASING, INC., and J. W. Evens, Defendants-Appellants,**

and

**Robert Bass, Defendant.**

**No. 12259.**

Missouri Court of Appeals, Southern District, Division Three.

Oct. 2, 1981.

Martin Mazzei, Woodward, Rohrer & Mazzei, P.C., Steelville, for plaintiff-respondent.

Robert R. Schwarz, Dennis R. Roach, Love, Lacks, McMahon & Schwarz, Clayton, for defendants-appellants.

Ronald Boggs, St. Charles, for defendant.

BILLINGS, Presiding Judge.

Suit on promissory note. Judgment was entered in favor of plaintiff Bank of Bourbon and against all defendants. Defendants Mid-Mo Leasing, Inc., and J. W. Evens filed this appeal, contending they were denied a trial by jury. We reverse and remand.

The record filed herein shows plaintiff filed its petition on September 22, 1980. All three defendants were served but filed no pleadings. On November 24, 1980, at plaintiff's request, the case was set for trial January 8, 1981.

On January 6, 1981, the clerk received and filed an answer of Mid-Mo Leasing, Inc., and J. W. Evens, although leave of court had not been obtained for filing the pleading out of time.

On January 8, 1981, Mid-Mo Leasing, Inc., and J. W. Evens appeared by their attorney. Defendant Bass and his attorney were present but plaintiff's attorney advised the court that Bass intended to default. The attorney for Mid-Mo Leasing, Inc., and J. W. Evens orally moved for a continuance of the case, stating his firm had only been employed three days before and "we have had no opportunity to prepare an adequate defense." Plaintiff's attorney objected to the case being continued and stated he was ready to offer evidence. The attorney for Mid-Mo Leasing, Inc., and J. W. Evens indicated to the court that these two defendants had understood defendant Bass was looking after the defense of the case in their behalf. Bass was called as a witness and denied any such understanding and his testimony indicated he and defendant Evens were embroiled in various disputes concerning business matters they had engaged in. The trial judge then overruled the motion for a continuance and granted Mid-Mo Leasing, Inc., and J. W. Evens leave to file their answer to plaintiff's petition. At that point in the proceedings, the attorney for Mid-Mo Leasing, Inc., and J. W. Evens requested a trial by jury. The court noted that the case had been scheduled for trial since November 24, 1980, and it was then 2:15 in the afternoon of the date set for trial, and denied the request for a jury trial.[1] Plaintiff offered evidence and judgment followed.

"This court's initial reaction to the aforementioned sequence of events was one of empathy with the trial court, thus being inclined to 'reach out' to find some legally sound basis for holding that defendant had waived trial by jury. Upon objective analysis however, 'free from the fray', there is no escape from the conclusion that the aforementioned sequence of events does not support waiver." *Randolph v. Simpson*, 500

1. The trial judge earlier observed that "on November 24th we set this matter at the end of the docket for today." From this remark and other colloquy we assume a jury was not then available.

S.W.2d 289, 291 (Mo.App.1973), per Somerville, J.

Waiver of the right of trial by jury as guaranteed by the Missouri Constitution, Art. I, § 22(a), can only be found in a civil case where there has been compliance with one of the methods set forth in § 510.190, RSMo 1978, and Rule 69.01, V.A.M.R.[2] Finding no waiver, we are required to reverse the judgment of the trial court entered against defendants Mid-Mo Leasing, Inc., and J. W. Evens, and remand the case for a new trial as to said defendants. It is so ordered.

All concur.

---

2. The four methods by which a party "shall be deemed to have waived trial by jury" are "(1) by failing to appear at the trial; (2) by filing with the clerk written consent in person or by attorney; (3) by oral consent in court, entered on the minutes; (4) by entering into trial before the court without objection."