STATE of Missouri, ex rel. BURLISON INVESTMENTS, INC., et al., Relators,

v.

Hon. J. Dan CONKLIN, Respondent.

No. 15183.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 20, 1987.

Motion for Rehearing or Transfer Denied Dec. 14, 1987.

Application to Transfer Denied Jan. 20, 1988.

Jack Hoke, Springfield, for respondent.

Robert W. Stillings, Springfield, for relators.

MAUS, Judge.

This Proceeding in Prohibition presents two issues. The first is whether or not a defendant-tenant is entitled to a jury trial in an action to recover possession and rent under §§ 535.010 to 535.180 which, after certification to the Presiding Judge, is to be heard before an Associate Circuit Judge with a record being made. If that question is answered in the affirmative, the proceeding presents an issue of whether or not that right was waived by a provision in a lease. The following is an outline of the facts.

The petition in each action is based upon a written lease of space in a shopping mall. The plaintiff-landlord in each case is the First Equity Group, Inc. (Equity). In case No. CV586–266AC, filed in Associate Division III of the Circuit Court of Greene County, Equity seeks possession of leased premises for nonpayment of rent and the recovery of rent from defendant-relator Burlison Investments, Inc. In case No. CV586–267AC, filed in the same Associate Division, Equity seeks the same relief against defendant-relator L.J.K.B. Enterprises, Inc. The two corporate defendants have the same ownership. Each corporate defendant filed a counterclaim arising from the lease. The prayer of each counterclaim exceeded the jurisdictional limit of cases that may be heard by an Associate Circuit Judge in the absence of special assignment. § 478.225.2(1). In each case the defendant-relator filed a demand for a jury trial. The two cases were certified to the Presiding Judge of the Circuit Court. They were assigned to Associate Division III, with an electronic record to be made. The Judge of Associate Division III denied the demands for a jury trial based upon a waiver contained in the lease.

Subsequent to the filing of the first two cases, Equity filed case No. CV387–351AC in Associate Division I of the Circuit Court of Greene County. In that action Equity seeks the recovery of the possession of the premises which are the subject of the first action from defendant-relator Burlison Investments, Inc. However, the basis for recovery is alleged to be the expiration of the lease. Upon a change of judge the latter case was assigned to Associate Division II. A demand for a jury trial was denied.

Thereafter, the three cases were consolidated and assigned to Associate Division II for trial with an electronic record being made. The respondent-judge of Associate Division II has determined to deny a jury trial in the consolidated cases. By their petition in this cause the relators contend this denial is contrary to "Art. 1, Section 22(a), Mo. Const. which provides in pertinent part 'that the right of trial by jury as heretofore enjoyed shall remain inviolate ... .'"

The respondent first contends that §§ 535.010 to 535.180 provide a special summary remedy, as distinguished from a common-law remedy, that does not fall within the constitutional guarantee. The respondent emphasizes that portion of § 535.040 that reads, "the judge shall proceed to hear the cause, ... the judge shall render judgment ... commanding the officer to put the landlord into immediate possession." The relators counter that this section supports their contention because prior to amendment, effective January 1, 1987, that section included the following emphasized phrase: "[T]he Judge shall proceed to hear the cause and if such is being heard by an Associate Circuit Judge who has not been specially assigned to hear the cause on the record *such hearing shall be without a jury*." (emphasis added).

It is apparent the 1987 amendments to § 535.020 and § 535.040 support the position of the relators. However, an extended

discussion of these arguments is not required. The issue has been resolved by the Supreme Court of this state. In *Rice v. Lucas*, 560 S.W.2d 850, 857 (Mo. banc 1978), the parties conceded the nature of the action came within the constitutional guarantee. Nonetheless, the court held "that the provision of sec. 535.040, RSMo 1969, which requires the action to be tried in magistrate court without a jury is not unconstitutional." The court so held upon the basis the magistrate court did not proceed as a common-law court.

But, as shown above, the civil-jury-trial provision of the constitutions of Missouri have repeatedly been held to apply to courts proceeding according to the course of the common law and not to special courts, such as justice of the peace, magistrate, or probate courts, which do not proceed according to the common law regardless of the type of civil case which may be involved. Under our system, the jury trial was and is available in cases filed in magistrate court whenever, and by whatever means, the case reaches the circuit court.

Id. at 857. Of course, that rule would not be applicable if the action was such that it did not carry the right to a jury trial at common law. See *In Re Moynihan*, 332 Mo. 1022, 62 S.W.2d 410 (1933), 91 A.L.R. 74; *City of St. Louis v. Smith*, 325 Mo. 471, 30 S.W.2d 729 (1930).

Section 517.081.1(1) provides that when a counterclaim is filed that exceeds the jurisdiction of cases triable under Chapter 517, the case shall be certified to the Presiding Judge. Under § 478.240 the Presiding Judge has the authority to assign an Associate Circuit Judge to hear such a case. The orders made by the Presiding Judge in this proceeding assign the subject case to a designated Associate Division of the Circuit Court. Such an order is appropriate to designate the division in which the cause is to be heard. It is obvious that order is also a transfer or an assignment of the Associate Circuit Judge of that division to hear the case within the meaning of § 478.240 and § 517.010.3.

■ The three underlying cases are now to be heard "as directed by the rules of civil procedure, but the sufficiency of the pleadings shall be determined according to the procedures of this chapter." § 517.081.2. A record is to be made and in the event of an appeal, the relators are not entitled to a trial de novo, but an appeal on the record to the appropriate appellate court. § 512.180. Within the meaning of *Rice*, the cases have reached the Circuit Court and the relators are entitled to trial by a jury. Cf. *Pernell v. Southall Realty*, 416 U.S. 363, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974); *Wilder v. Kneeland*, 94 N.H. 185, 49 A.2d 506 (1946).

The respondent next contends the denial of a jury trial is not erroneous because the relators waived their right to such a trial. The two lengthy leases involved each contain the following clause:

Section 10.4 ... 'It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of Landlord and Tenant, Tenant's use or occupancy of the Leased Premises, and/or any claim of injury or damage, and any emergency statutory or any other statutory remedy.'

In the underlying cases plaintiff Equity filed a copy of the lease to establish a waiver of a jury trial.

"The validity of contractual provisions waiving jury trial, made independently of any pending litigation, has been recognized or assumed in a very large majority of the cases which have considered such provisions." Annot., Contractual Waiver of Jury Trial, 73 A.L.R.2d 1332, 1333 (1960). There is an excellent discussion of the subject in *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.1985). Also see *Rodenbur v. Kaufmann*, 320 F.2d 679 (D.C. Cir.1963); *Smith–Johnson Motor Corp. v. Hoffman Motors Corp.*, 411 F.Supp. 670 (D.C.Va.1975); *Union Commerce Bank v. Kimbro*, 162 N.E.2d 926 (Ohio 1959). But Cf. *Schaefer v. Gunzburg*, 246 F.2d 11 (9th Cir.1957); *Mall, Inc. v. Robbins*, 412 So.2d 1197 (Ala.1982).

However, it is also recognized that such a provision is not always effective.

It should be noted, however, that there are a number of cases in which the court was not directly considering the effect of such a contractual waiver, wherein it has been said that the right to jury trial could be waived only in the manner expressly provided by statute. See, for example, *Jackson v. General Finance Corp.* (1953) 208 Okla. 44, 253 P.2d 166. 73 A.L.R.2d 1332, supra, at 1333 f. 5. Also see *Randolph v. Simpson,* 500 S.W.2d 289 (Mo.App.1973); *Byram v. Superior Court For County of Sacramento,* 74 Cal.App.3d 648, 141 Cal.Rptr. 604 (1977); *Rice v. People,* 193 Colo. 270, 565 P.2d 940 (banc 1977).

The pertinent part of the applicable Rule of Civil Procedure provides as follows: "The right of trial by jury as declared by the Constitution or as given by a statute shall be preserved to the parties inviolate. ... Parties shall be deemed to have waived trial by jury: ... (2) by filing with the clerk written consent in person or by attorney; ... ." Rules of Civil Procedure 69.-01(a) & (b). That rule has been construed. "Waiver of the right of trial by jury as guaranteed by the Missouri Constitution, Art. I, § 22(a), can only be found in a civil case where there has been compliance with one of the methods set forth in § 510.190, RSMo 1978, and Rule 69.01, V.A.M.R." *Bank of Bourbon v. Mid–Mo Leasing, Inc.,* 622 S.W.2d 521, 523 (Mo.App.1981) (footnote omitted). That rule is applicable to the underlying actions. The leases were not filed with the clerk by the relators in person or by their attorney. The alleged waiver is not effective. The preliminary writ is withdrawn and the respondent is prohibited from trying the underlying cases other than by a jury, unless a jury trial is waived by the parties in the manner prescribed by Rule 69.01.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.