MALAN REALTY INVESTORS,
INC., Respondents,

v.

Bea HARRIS, Appellant.

No. 79742.

Supreme Court of Missouri,
En Banc.

Oct. 21, 1997.

David S. Rauzi, Kansas City, for appellant.

Cindy L. Reams, Kansas City, for respondents.

PER CURIAM. [1]

The defendant, Bea Harris, appeals the circuit court's denial of a trial by jury. The sole issue on appeal is whether the defendant had effectively waived her right to a jury trial. The trial court, following a bench trial, entered judgment for the plaintiff, Malan Realty Investors, Inc.

The plaintiff filed its petition for possession of the premises and for breach of contract, pursuant to a written lease agreement for commercial retail space. A copy of the lease was attached to the plaintiff's petition when it was filed with the court. The defendant surrendered possession of the property and filed an answer and a counterclaim for breach of contract, which specifically referenced and relied on the lease.

The defendant requested a jury trial. The plaintiff filed a motion to enforce waiver of jury trial. The court sustained plaintiff's motion and held the trial without a jury.

Paragraph 25(t) of the lease contains a jury waiver provision, which states:

Waiver of Jury Trial -Landlord and Tenant hereby waive trial by jury in any ac-

---

1. The appeal in this case was originally decided by the Court of Appeals, Western District, in an opinion written by the Honorable Forest W. Han-
na. Following transfer to this Court, the court of appeals opinion, as modified, is adopted as the opinion of this Court.

tion, proceeding or counterclaim brought by either of the parties hereto against the other on, or in respect of, any matter whatsoever arising out of or in any way connected with this Lease, the relationship of Landlord and Tenant hereunder, Tenant's use or occupancy of the Leased Premises and/or any claim of injury or damage.

The defendant argues that a waiver of a jury trial may be accomplished only by compliance with Rule 69.01(b), which specifies four methods of waiver as follows:

(b) Jury Trial -How waived. Parties shall be deemed to have waived trial by jury:

(1) by failing to appear at trial;

(2) by filing with the clerk written consent in person or by attorney;

(3) by oral consent in court, entered on the minutes;

(4) by entering into trial before the court without objection.

The plaintiff contends that the requirements of Rule 69.01(b)(2) were met when the plaintiff filed the lease with the clerk when it filed its petition and the defendant then asserted claims arising out of the lease.

The defendant relies on *State ex rel. Burlison Inv. v. Conklin,* 741 S.W.2d 825 (Mo.App. 1987), which held that a jury trial may be waived only as set forth in Rule 69.01(b) even though the parties had contractually waived the right to a jury trial. In *Burlison,* the plaintiff-landlord filed claims, which were based upon written commercial leases, against two defendant-relators. *Burlison,* 741 S.W.2d at 826. The defendants both filed counterclaims arising from the leases, and they demanded a jury trial. *Id.* The leases contained jury trial waivers, and the plaintiff filed a copy of the lease with the court to prove the existence of the waiver in the lease. *Id.* at 827.

The *Burlison* court held that, because the leases had not been filed with the clerk by the defendants in person or by their attorney, the contractual waivers did not comply with Rule 69.01 and, therefore, were not effective. *Id.* at 828. In order to comply with Rule 69.01(b), the court stated that the waiver may be filed only by the one against whom the waiver is sought. The implication of this holding is that a contractual waiver of the right to a jury trial will never be effective unless a party against whom the waiver is sought to be imposed also complies with Rule 69.01. However, the court did not specifically deal with the effect of the jury waiver in the lease.

Other cases, which have stated that the right to a jury trial can be waived only in the manner expressly provided by statute, likewise have not considered the effect of a contractual waiver.[2] On the other hand, *Meadowbrook Country Club v. Davis,* 421 S.W.2d 769, 773 (Mo. banc 1967), pointedly limited its holding. This Court held that a circuit court rule resulting in a jury trial waiver unless a written request and a deposit were filed within a certain time for appeals was an impermissible method of waiver. This Court concluded that Rule 69.01(b) and section 510.190, RSMo, are exclusive methods of waiving a jury trial, "at least insofar as the facts in this case are concerned." *Id.* This Court recognized that Rule 69.01(b) may not, in all situations, represent the only method by which to waive a jury trial.

■ The right to a trial by jury is constitutionally guaranteed. Mo. Const. art. I, section 22(a); *Randolph v. Simpson,* 500 S.W.2d 289, 290 (Mo.App.1973). It is recognized that this right "shall be preserved to the parties inviolate." Rule 69.01(a); section 510.190.1, RSMo 1994. However, the right to a civil jury trial is a personal right and, therefore, it may be waived. *Meadowbrook,* 421 S.W.2d at 772, and *Randolph,* 500 S.W.2d at 290. Rule 69.01 presupposes a pending action and should not necessarily be understood to preclude parties from contractually

2. See also *Parrett v. Integon Life Ins. Co.,* 590 S.W.2d 411, 412–13 (Mo.App.1979) (holding that a court rule requiring the posting of a bond or the deposit of money to obtain a jury trial impermissibly forced a jury trial waiver and did not fall within the permissible methods of waiver under Rule 69.01); and *Randolph v. Simpson,* 500 S.W.2d 289, 290–91 (Mo.App.1973) (holding that there was no valid jury trial waiver when the parties' counsel informally told the court that a jury would not be required because compliance with the specific requirements of Rule 69.01 and section 510.190 had not been met).

agreeing to waive a jury before litigation commences.

A number of jurisdictions have considered whether parties may contractually waive their rights to a jury trial independently of any pending litigation and have overwhelmingly held that parties may do so.[3] *See* W.E. Shipley, Annotation, *Validity and Effect of Contractual Waiver of Trial by Jury*, 73 A.L.R.2d 1332, 1333 (1960). Agreements that result in a party's relinquishment of rights far more severe than the deprivation here have not been considered unconscionable or against public policy. *Cf. Chase Commercial Corp. v. Owen*, 32 Mass.App.Ct. 248, 588 N.E.2d 705, 708 (1992).

Our courts have held that a party may contractually relinquish fundamental and due process rights. Arbitration agreements are an example where the courts have upheld the parties' right to contractually agree to relinquish substantial rights. In every arbitration agreement, the parties not only agree to waive a jury trial but also to give up their right to present their claim to *any* judicial tribunal deciding the case.[4] Also, in *Alack v. Vic Tanny Int'l of Missouri, Inc.*, 923 S.W.2d 330 (Mo. banc 1996), this Court upheld the right of a party's freedom to contract. *Alack* acknowledged that a party may contractually eliminate his or her right to bring an action for personal injuries that may be sustained as a result of future negligent acts.[5]

 If the contract terms are unequivocal, plain, and clear, the court is bound to

---

**3.** See *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir.Utah 1988) (holding that contractual jury trial waiver provision was enforceable), cert. denied, 490 U.S. 1021, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989); *Leasing Service Corp. v. Crane*, 804 F.2d 828 (4th Cir.N.C.1986) (holding that jury waiver provision was enforceable as a knowing and voluntary waiver); *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752 (6th Cir.Tenn.1985) (holding that, while a jury trial can be waived by contract, the waiver was not valid because it was not made knowingly and voluntarily); *National Equipment Rental, Ltd. v. Hendrix*, 565 F.2d 255 (2d Cir.N.Y.1977) (holding that the right to jury trial may be contractually waived knowingly and intentionally, but waiver here was not enforceable); *McCarthy v. Wynne*, 126 F.2d 620 (10th Cir.Okla.1942) (holding that an agreement between parties to an equity suit that a pending case would be dismissed and the equity case would be tried without a jury was enforceable), cert. denied, 317 U.S. 640, 63 S.Ct. 31, 87 L.Ed. 515 (1942); *Cooperative Finance Ass'n, Inc. v. Garst*, 871 F.Supp. 1168 (N.D.Iowa 1995) (holding that a voluntary and knowing contractual waiver of right to jury trial is enforceable); *Phoenix Leasing Inc. v. Sure Broadcasting, Inc.*, 843 F.Supp. 1379 (D.Nev.1994) (holding that right to jury trial may be waived by a contract knowingly and voluntarily executed), aff'd without op., 89 F.3d 846 (9th Cir.1996); *Connecticut Nat. Bank v. Smith*, 826 F.Supp. 57 (D.R.I.1993) (holding that the jury waiver clause was enforceable because defendant knowingly, voluntarily, and intentionally consented to it); *Hydramar, Inc. v. General Dynamics Corp.*, 1989 WL 159267, 1989 U.S. Dist. LEXIS 15784 (E.D.Pa. Dec. 29, 1989) (holding that waiver not enforceable because it was too inconspicuous, but jury trial waivers can be contractually waived); *In re Reggie Packing Co., Inc.*, 671 F.Supp. 571 (N.D.Ill.1987) (holding that contractual waiver of jury trial was valid); *N. Feldman & Son, Ltd. v. Checker Motors Corp.*, 572 F.Supp. 310 (S.D.N.Y.1983) (holding that the right to a jury trial was knowingly and willingly waived by contract); *Dreiling v. Peugeot Motors of America, Inc.*, 539 F.Supp. 402 (D.Colo.1982) (holding that right to jury trial can be waived contractually if done knowingly and intentionally, but waiver here was not enforceable); *Chase Commercial Corp. v. Owen*, 32 Mass.App.Ct. 248, 588 N.E.2d 705 (1992) (holding that a jury waiver clause in an adhesion contract was enforceable); *Trizec Properties v. Superior Court*, 229 Cal.App.3d 1616, 280 Cal.Rptr. 885 (1991) (enforcing contractual waiver of jury trial); *Leary v. Stylarama of New Haven, Inc.*, 174 Conn. 217, 384 A.2d 377 (1978) (holding that this court was bound by the trial court's finding that there was a valid contractual waiver of jury trial); *Nowey v. Kravitz*, 133 Conn. 394, 51 A.2d 495 (1947) (holding that a jury waiver provision in a lease was enforceable.)

**4.** The Federal Arbitration Act and this state's Uniform Arbitration Act "express the desire to enforce arbitration agreements as a matter of law to further the important public policy of resolving disputes without resort to the courts." *McCarney v. Nearing, Staats*, 866 S.W.2d 881, 887 (Mo.App.1993). Under both acts, "a written agreement to submit a ... future dispute to arbitration· is 'valid, enforceable and irrevocable....'" *Id.* (citation omitted).

**5.** See also *High Life Sales Co. v. Brown–Forman Corp.*, 823 S.W.2d 493, 496–97 (Mo. banc 1992), which held that the importance of the freedom of contract between parties overrides the public policy interest in guaranteeing Missouri residents a right of access to Missouri courts. *Id.* at 496. While a forum selection clause implicates a less substantial interest, it points up the importance that Missouri courts place on a party's freedom to contract.

enforce the contract as written. *Smith v. Lockwood,* 907 S.W.2d 306, 308 (Mo.App. 1995). It is a well-established principle of contract construction that, when a contract is clear, the court is bound to enforce the terms as written, *CIT Group/Equip. v. Integrated Fin. Serv.,* 910 S.W.2d 722, 729 (Mo.App. 1995), in the absence of a showing that the contract was procured by fraud, duress, or undue influence. *Monticello Bldg. Corporation v. Monticello Inv. Co.,* 330 Mo. 1128, 52 S.W.2d 545, 551 (1932). A contract is not enforceable if it is illegal, *King v. Moorehead,* 495 S.W.2d 65, 77 (Mo.App.1973), or violates public policy, *First Nat. Ins. Co. of America v. Clark,* 899 S.W.2d 520, 521 (Mo. banc 1995). We are persuaded that businesses and individuals should have the ability to agree to waive a jury if a lawsuit arises from their contract. Courts should not interfere with a party's right to contract so long as the contract is not otherwise void. In addition to those situations requiring compliance with Rule 69.01, we hold that a jury trial may be waived by contract. However, more than contract law is involved. The real concern with every case decision has been the relative bargaining powers of the parties.

Those jurisdictions that have considered the validity of a contractual waiver of a jury trial have required that the waiver be knowingly and voluntarily made, a requirement designed to protect against overreaching and inequitable bargaining positions. Therefore, the validity of the waiver here depends on whether the defendant knowingly and voluntarily consented to relinquish her right to a jury trial. *See, e.g., K.M.C. Co., Inc. v. Irving Trust Co.,* 757 F.2d 752, 756 (6th Cir. Tenn.1985); *National Westminster Bank, U.S.A. v. Ross,* 130 B.R. 656, 667 (S.D.N.Y. 1991), *aff'd sub nom., Yaeger v. National Westminster,* 962 F.2d 1 (2d Cir.1992); *Leasing Service Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir.N.C.1986); *National Equipment Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir.N.Y.1977). In *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the Supreme Court of the United States, in applying the knowing and voluntary standard to a waiver of due process rights in a conditional sales agreement, cautioned that it was "not holding that [the] standards [governing waiver of constitutional rights in a criminal proceeding] must *necessarily* apply." *Id.* at 94–95, 92 S.Ct. at 2001, (emphasis added)(citing to the considerations relevant to a determination of a contractual waiver of due process rights as outlined in *D.H. Overmyer Co. v. Frick Co.,* 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972)).

■ The fundamental nature of a due process right to a jury trial demands that it be protected from an unknowing and involuntary waiver. The standard that is universally applied to prevent overreaching and to protect against unequal bargaining positions requires that the trial court determine whether the waiver was knowingly and voluntarily or intelligently made. One method to safeguard this right is laid out by this Court in *Alack,* 923 S.W.2d 330. To effectively waive a jury trial by contract, clear, unambiguous, unmistakable, and conspicuous language is required. *See id.* at 337. Such a waiver provision will never be implied but must be clearly and explicitly stated. *See id.* at 334. Additionally, the courts have examined the following factors: negotiability of the contract terms, disparity in bargaining power between the parties, the business acumen of the party opposing the waiver, and the conspicuousness of the jury waiver provision. *See, e.g. National Equipment* at 258.

■ Having determined that a party may contractually waive its right to a jury trial, it remains to be determined whether the defendant did so knowingly and voluntarily under the facts of this case or whether there was an overreaching as a result of unequal bargaining positions. As mentioned, the waiver clause must be unambiguous, clearly expressing the intention of the parties.

The jury waiver paragraph was not buried in the lease. It was prominently displayed as the only and last paragraph on the last page immediately above the signature lines. Even if the defendant did not read the rest of the lease, it would be difficult to miss this provision when she signed the lease. The provision used clear, unambiguous, and unmistakable language. The print size of the waiver provision was the same size as that found throughout the lease. The defendant read the lease. There is no evidence that the

defendant was under any bargaining disadvantage. Validating that assertion is the fact that the defendant retained counsel to protect her interests, a factor courts have deemed significant in determining whether there was unequal bargaining power of the parties. *See In re Reggie Packing Co., Inc.,* 671 F.Supp. 571, 573 (N.D.Ill.1987); *Connecticut Nat. Bank v. Smith,* 826 F.Supp. 57, 60 (D.R.I.1993); *Chase Commercial Corp. v. Owen,* 32 Mass.App.Ct. 248, 588 N.E.2d 705, 709 (1992). There is no evidence that she or her attorney requested any changes in the jury waiver paragraph. Both the plaintiff and the defendant were commercial entities engaged in a business transaction that, by all appearances, was an arms-length negotiation. Accordingly, we conclude that the waiver of a jury trial was made knowingly and voluntarily.[6]

Judgment affirmed.

All concur.

---

**6.** Cases from other jurisdictions that provide examples of what constitutes a sufficiently conspicuous jury trial waiver to prove that a knowing and voluntary waiver occurred include: *Leasing Service Corp. v. Crane,* 804 F.2d 828, 833 (4th Cir.1986) (waiver was knowing and voluntary when located on the reverse side of a two-page, standardized, fine-print contract); *Connecticut Nat. Bank v. Smith,* 826 F.Supp. 57, 61 (D.R.I. 1993) (waiver was sufficiently conspicuous where contract was only four pages long, with three pages of text, and the clause was located at the end of a paragraph, two inches above the signatures, and was legible and in the same size print as other clauses); *In re Reggie Packing Co.,* *Inc.,* 671 F.Supp. 571, 574 (N.D.Ill.1987) (waiver was made knowingly and voluntarily when clause located at the end of a paragraph, two inches above the signatures, and set forth in same type of print as other clauses); *N. Feldman & Son, Ltd. v. Checker Motors Corp.,* 572 F.Supp. 310, 313 (S.D.N.Y.1983) (waiver was sufficiently conspicuous when located directly above the signatures and was clearly visible); *Chase Commercial Corp. v. Owen,* 32 Mass.App.Ct. 248, 588 N.E.2d 705, 708–709 (1992) (waiver enforceable where clauses located on the signature pages, in legible print, and parties were experienced businessmen represented by counsel dealing at arm's length.)