IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT
DAVID HOLM, )
 )
 Respondent, )
 )
v. ) WD83862
 )
MENARD, INC., ) Opinion filed: February 16, 2021
 )
 Appellant. )

APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI
 THE HONORABLE BRENT ELLIOTT, JUDGE

 Division Two: W. Douglas Thomson, Presiding Judge,
 Lisa White Hardwick, Judge and Edward R. Ardini, Jr., Judge

 Menard, Inc. ("Menards") appeals the denial of its motion to compel

arbitration and stay the trial court proceedings ("Motion to Compel") brought against

it by David Holm ("Holm"). On appeal, Menards claims that the trial court erred in

denying its Motion to Compel because: (1) the notice provision in Missouri's Uniform

Arbitration Act ("MUAA") is inapplicable and cannot invalidate an arbitration

agreement that is covered by the Federal Arbitration Act ("FAA"); (2) the parties have

a valid and binding arbitration agreement which Holm agreed to when he purchased

cabinets from Menards; (3) the arbitration agreement is not unconscionable as it is

authorized by Missouri law; (4) Holm waived his right to a jury trial per the
arbitration agreement; and (5) Holm admitted to the existence and validity of the

contract containing the arbitration agreement in his petition and is bound by his

admissions made therein. We reverse and remand with instructions to stay the

pending case and compel arbitration.

 Factual and Procedural History

 The material facts are not in dispute. On November 23, 2018, Holm entered

into a contract ("Contract") to purchase kitchen cabinets with Menards. The two-

page Contract contains an arbitration agreement ("Arbitration Agreement") located

on the bottom of each page. The Arbitration Agreement is at the end of a paragraph

which begins, "READ THIS CONTRACT CAREFULLY," and provides:

 Purchaser agrees that any and all controversies or claims arising out of
 or relating to this contract, or the breach thereof shall be settled by
 binding arbitration administered by the American Arbitration
 Association under its applicable Consumer or Commercial Arbitration
 Rules. Purchaser agrees that all arbitrators selected shall be attorneys.
 This provision shall supersede any contrary rule or provision of the
 forum state.

The Arbitration Agreement is followed by the following language, "YOUR

PURCHASE OF THE PRODUCT ON THIS CONTRACT CONSTITUTES YOUR

AGREEMENT TO ALL TERMS AND CONDITIONS STATED ABOVE."

 On October 25, 2019, Holm filed a petition for breach of contract, violations of

the Missouri Merchandising Practices Act ("MMPA"), and Negligence against

Menards alleging it has not performed its obligations under the Contract by failing

to deliver the correct cabinets to Holm. In response, Menards filed its Motion to

Compel alleging that Holm's claims fall within the scope of the Arbitration

 2
Agreement contained in the Contract. Holm's filed an opposition to the Motion to

Compel in which he claimed the Arbitration Agreement is unenforceable as it does

not comply with the MUAA's notice requirement, that he did not consent to it, that it

is unconscionable, and that the Contract does not contain a provision whereby Holm

waived his right to a jury trial. In its reply suggestions in support of its Motion to

Compel, Menards asserted that no notice provision is required as the MUAA is

preempted by the FAA; that Holm agreed to the Arbitration Agreement when he

purchased the cabinets; the Arbitration Agreement is not unconscionable as the

provisions challenged by Holm are expressly permitted by law; and that the parties

waived their right to a jury trial by operation of the Arbitration Agreement.

 On May 14, 2020, the trial court held a hearing on Menards' Motion to Compel.

The following day, the trial court denied Menards' Motion to Compel, by docket entry,

stating only, "Based upon the pleadings, proof adduced, and the arguments of counsel

Defendant's Motion to Compel Arbitration is denied." Menards appeals.1

 Standard of Review

 Where a party disputes the existence of the contract of arbitration, the trial

court must determine that issue based on the evidence before it. Green v. Alliance

 1
 "Federal and Missouri law authorize immediate appeal and de novo review of a denial of a motion to compel
arbitration." Arrowhead Contracting, Inc. v. M.H. Washington, LLC, 243 S.W.3d 532, 535 n.2 (Mo. App. W.D. 2008)
(citing Triarch Indus., Inc. v. Crabtree, 158 S.W.3d 772, 774 and n. 2 (Mo. banc 2005)). "In both 9 U.S.C §
16(a)(1)(B) and section 435.440.1, RSMo 2000, an appeal may be taken from an order denying a motion to compel
arbitration." Id. "Although the circuit court's ruling denying [Menards'] motion to compel arbitration is not
denominated a 'judgment' as required by Rule 74.01(a) and is not appealable under section 512.020, RSMo Supp.2000,
the order is appealable pursuant to 9 U.S.C § 16(a)(1)(B) and section 435.440.1." Id. (citing Jackson County v.
McClain Enters., Inc., 190 S.W.3d 633, 639 (Mo. App. W.D. 2006)).

 3
Automotive, Inc., 435 S.W.3d 646, 648-49 (Mo. App. W.D. 2014). Our review of the

trial court's determination on the existence of an arbitration agreement is analogous

to a court-tried case which requires that we defer to the trial court's assessment of

evidence on contested issues of fact. Id. at 649. "'This court will affirm the judgment

of the motion court unless there is no substantial evidence to support it, unless it is

against the weight of the evidence, or unless it erroneously declares or applies the

law.'" Latenser v. Tarmac Int'l, Inc., 549 S.W.3d 461, 463 (Mo. App. W.D. 2018) (citing

Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)).

 "'Whether a motion to compel arbitration should have been granted is a

question of law, which we review de novo.'" Id. (citation omitted). "Our review of the

trial court's interpretation of an arbitration provision is also de novo, as arbitration

is contractual, and contract interpretation is a question of law." Id.

 Here, Holm frames his challenges to the Arbitration Agreement as factual

disputes of its existence and, therefore, subject to review pursuant to Murphy. 536

S.W.2d at 32. However, our analysis of the issues presented by all of Holm's

arguments, reveal that they raise questions of law and not factual disputes.

Accordingly, a de novo standard of review is appropriate. TD Auto Finance, LLC v.

Bedrosian, 609 S.W.3d 763, 767-68 (Mo. App. E.D. 2020).

 Analysis

 As the trial court did not specify its reasons for denying Menards' Motion to

Compel, Menards addresses each argument set forth by Holm in the trial court. On

appeal, Menards claims that the trial court erred in denying its Motion to Compel

 4
because: (1) the notice provision in the MUAA is inapplicable and cannot invalidate

the Arbitration Agreement as it is covered by the FAA; (2) the parties have a valid

and binding Arbitration Agreement which Holm agreed to when he purchased

kitchen cabinets from Menards; (3) the Arbitration Agreement is not unconscionable

as it is authorized by Missouri law; (4) Holm waived his right to a jury trial per the

Arbitration Agreement; and (5) Holm admitted to the existence and validity of the

Contract containing the Arbitration Agreement and is bound by his admissions made

therein. For ease of addressing the points, they are taken out of order.

Points II and V

 In Point II, Menards argues that the trial court erred in denying its Motion to

Compel because the parties have a valid and binding Arbitration Agreement.

Menards claims that Holm agreed to the Contract's terms, including the Arbitration

Agreement, when he purchased the cabinets. In Point V, Menards claims that the

trial court erred in denying its Motion to Compel because Holm admitted the

existence and validity of the Contract and is bound to the admissions stated in his

petition. We agree with both points.

 "Arbitration is a matter of contract. Parties can agree to arbitrate, but there

must be a contract in the first instance." Id. at 768. Accordingly, we must first

address "whether the parties formed a valid contract that binds them to arbitrate."

Id. "'The essential elements of any contract, including one for arbitration are offer,

acceptance, and bargained for consideration.'" Id. (citation omitted). In determining

whether the essential elements are satisfied, we look to the whole contract. Id. at

 5
769; see also Eaton v. CMH Homes, Inc., 461 S.W.3d 426, 429 (Mo. banc 2015)

("[C]ourts will look to a contract . . . as a whole to determine whether consideration

is adequate rather than looking solely at the consideration given for the agreement

to arbitrate."). Our inquiry is not limited to the arbitration agreement. Id. "'As long

as the contract as a whole [establishes the essential elements of a contract], an

arbitration clause in the contract will not be invalidated for a lack of [an essential

element.]'" Id. (emphasis added) (citation omitted).

 Here, it is clear the parties have a valid, enforceable contract. There is no

dispute that Holm was offered the Contract containing the Arbitration Agreement,

which is found on both pages of the Contract. With regard to the second requisite

element for a valid contract, Menards claims that Holm accepted the Contract and

the included Arbitration Agreement when he purchased the cabinets. Holm's assent

to the whole Contract is further evidenced by his own testimony that he read the

Contract before he paid the amount due.

 Holm contends that he did not purchase or accept the model of cabinetry that

is referenced in the Contract and, therefore, the Contract is invalid, including the

Arbitration Agreement. Holm claims that Menards did not perform its obligations

under the Contract by delivering the correct cabinetry. Holm's argument as to

whether the Contract is invalid due to an alleged mistake in its terms or the lack of

performance of a party are not proper issues for determining whether the parties

formed a valid contract that binds them to arbitrate. Here, the inquiry is limited to

 6
whether the essential elements of a contract are satisfied. The issues raised by Holm

are reserved for arbitration.

 The express terms of the Arbitration Agreement leave all questions of the

breach of the Contract to the arbitrator. Therefore, whether Menards' alleged lack of

performance amounted to a breach of the contract is a matter the agreement of the

parties leaves to the arbitration forum. Notably, the same allegations of Menards'

non-performance are set forth in Holm's petition in support of his count for breach of

contract.

 As to the third element, Holm does not challenge that there was bargained for

consideration. Accordingly, the essential elements of offer, acceptance and

consideration were satisfied rendering the Contract, including the Arbitration

Agreement, valid and enforceable.

 With regard to Point V, because we find that the Contract is valid and

enforceable as a matter of law, we need not rely on Holm's assertions in his petition

to reach the same result. Thus, the argument made in Point V is not relevant to our

determination of this case.2

 Moreover, to the extent that Holm makes an argument that he did not accept

the Arbitration Agreement because he did not sign it, a signature is not required to

demonstrate acceptance. See Baier v. Darden Restaurants, 420 S.W.3d 733, 738 (Mo.

App. W.D. 2014) (A signature is not required to show assent to terms of a writing

 2To the extent that Holm attempted to deny that Exhibit 1, attached to his petition which he

identified therein as the Contract, was somehow not the Contract at the hearing because it was a guest
copy, we agree with Menards that Holm is bound by his assertion in his petition that it was in fact the
Contract.

 7
which can be shown in other ways, such as by a parties' conduct). Conspicuously,

Holm did not cite any legal authority stating that a signature is required to

demonstrate acceptance. Instead, Holm cites Theroff v. Dollar Tree Stores, Inc., 591

S.W.3d 432 (Mo. banc 2020), where he claims the Supreme Court found a blind party's

assertions that she did not see, know of, or read an arbitration agreement was a

challenge to the existence of the agreement itself. Although Holm testified at the

hearing that he never read the Arbitration Agreement, on cross-examination, Holm

testified that he read the Contract after receiving it from Menards and before paying

for the cabinets. The failure to read the Contract in its entirety is simply not

comparable. See Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 509 n.4 (Mo. banc

2012) (A party's failure to read or understand the terms of the contract is not a

defense to enforcement of those terms).

 Thus, the lack of signature on the Arbitration Agreement is not a sufficient

basis for the trial court's denial of the Motion to Compel.

 Accordingly, an alleged failure to perform or breach of the Contract does not

relieve the party of its obligation under the Arbitration Agreement. As such, the non-

performance of the Contract by Menards is not a legal basis for the trial court's denial

of Menards' Motion to Compel.

 Points II and V are granted.

Point I

 8
 In Point I, Menards claims that the trial court erred in denying its Motion to

Compel because the MUAA's notice requirement does not apply to invalidate the

Arbitration Agreement because it is covered by the FAA, not the MUAA. We agree.

 Section 436.4603 of the MUAA requires the following language in ten point

capital letters, adjacent to or above an arbitration provision, "THIS CONTRACT

CONTAINS A BINDING ARBITRATION CLAUSE WHICH MAY BE ENFORCED

BY THE PARTIES." The FAA, which applies to interstate commerce, does not

contain such a provision.

 Here, as reflected in Holm's petition, Holm is a Missouri resident and Menards

is a Wisconsin corporation, thereby rendering this matter as one involving interstate

commerce. See Swain v. Auto Services, Inc., 128 S.W.3d 103, 106 (Mo. App. E.D. 2003)

("Because the contracting parties . . . reside in different states, this agreement relates

to interstate commerce within the meaning of the [FAA]."); McCarney v. Nearing,

Staats, Prelogar and Jones, 866 S.W.2d 881, 888 (Mo. App. W.D. 1993) ("The contract

between McCarney and Nearing clearly involves interstate commerce because

McCarney . . . [is a] Missouri resident . . . while Nearing is a Kansas corporation.").

 This issue was addressed in Bunge Corp. v. Perryville Feed & Produce, Inc.,

685 S.W.2d 837, 839 (Mo. banc 1985), where the Supreme Court held that section

436.460 "may not be applied to defeat the arbitration provision of a contract which is

within the coverage of the federal statute." Thus, where, as here, the Contract

involves interstate commerce, the lack of a section 436.460 notice provision is not a

 3All statutory references are to RSMo (2016) as supplemented, unless otherwise noted.

 9
ground which would support the trial court's decision to denying Menards' Motion to

Compel.

 Holm claims that Menards is incorrect in asserting the FAA controls "because

there was never a valid contract, valid arbitration agreement, and [Holm] never

assented to the arbitration agreement[.]" This argument fails in light of our analysis

in Point II.

 Holm argues the FAA is not implicated because the transaction was inherently

localized to Missouri such that the notice provision of the MUAA applies. Holm cites

cases from other jurisdictions for its argument that the intrinsically local nature of

the contract may remove it from interstate commerce for purposes of the FAA. The

cited cases are not compelling. Here, the evidence presented by Holm's petition and

its attached exhibits demonstrate that Holm is a Missouri resident, Menards is a

Wisconsin corporation, some product was delivered to Holm from Mason Cabinetry,

LLC, as noted on Exhibit 2 to the petition, which reflects an Ohio address, and the

vendor on the Contract is Cardwell Designer without an address listed. As such, we

are not persuaded and the evidence does not support that this was an intrinsically

local contract such to exempt it from the purview of the FAA.

 Therefore, Menards' alleged non-compliance with the MUAA would not serve

as a legal basis for the trial court's denial of Menards' Motion to Compel.

 Point I is granted.

Point III

 10
 In Point III, Menards claims that the trial court erred in denying its Motion to

Compel because the Arbitration Agreement is not unconscionable in that the

language claimed to be unconscionable by Holm is expressly authorized by Missouri

statute. In addition, Menards claims Holm will not bear a disproportionate cost of

arbitration.

 In his opposition to Menards' Motion to Compel, Holm's argued that the

Arbitration Agreement is unconscionable in that the Contract, not the Arbitration

Agreement, contains two provisions that limit Menards' liability. The two provisions

in the Contract are: (1) "Menards' liability shall not exceed the purchase price of the

products sold," and (2) "Menards shall not be liable for any special, incidental, or

consequential damages." Holm claimed that these two provisions are unconscionable

in that they prohibit the award of damages he seeks in his count asserting a claim

under the MMPA. In his brief on appeal, Holm asserts this argument briefly but

without citing the Contract provisions. Holm states that his MMPA claim requests

punitive damages and attorneys' fees and that the Arbitration Agreement would

deprive him of his statutory cause of action in which he would have been provided

reasonable attorneys' fees.

 Holm's argument that the two provisions limiting Menards' liability render the

Arbitration Agreement unconscionable fails as a matter of law. The two provisions

are expressly authorized by law. With regard to the first provision, section 400.2-

719(1)(a) provides: "The agreement . . . may limit . . . the measure of damages

recoverable under this article, as by limiting the buyer's remedies to return of the

 11
goods and repayment of the price[.]" With regard to the second provision, section

400.2-719(3) provides: "Consequential damages may be limited or excluded unless the

limitation or exclusion is unconscionable. Limitation of consequential damages for

injury to the person in the case of consumer goods is prima facie unconscionable but

limitation of damages where the loss is commercial is not." Thus, the language in

these provisions is authorized by law. Notably, on appeal, Holm does not counter

Menards' argument that these provisions are expressly permitted.

 Holm also argues that this court has found unconscionability when an

arbitration provision required a consumer to bear the costs of arbitration, citing

Whitney v. Alltel Communications, Inc., 173 S.W.3d 300, 313 (Mo. App. W.D. 2005).

Whitney is distinguishable in that it involved a class action waiver that if enforced

would be cost prohibitive in relation to the claimed damages of $0.88 per month. Id.

at 314. There, the arbitration provision was held unconscionable as applied. Id. In

contrast, the instant case is not a class action and the amount at issue is well above

the cost of arbitration. Menards provided an exhibit attached to its reply suggestions

in support of its Motion to Compel which provided that Holm's sole cost of arbitration

would be a $200 filing fee, and that Menards is responsible for all further arbitration

costs.

 Thus, Holm's argument that the Arbitration Agreement is unconscionable does

not provide a lawful basis for the trial court's denial of Menards' Motion to Compel.

 Point III is granted.

Point IV

 12
 In Point IV, Menards claims that the trial court erred in denying its Motion to

Compel because Holm waived his personal right to a jury trial in that the Arbitration

Agreement constitutes a waiver of the right to present claims to a judicial tribunal.

We appreciate that "the right to trial by jury should be jealously guarded by the courts

and any curtailment should be scrutinized with utmost care." Attebery v. Attebery,

507 S.W.2d 87, 93 (Mo. App. 1974).

 [However,] [o]ur courts have held that a party may contractually
 relinquish fundamental and due process rights. Arbitration agreements
 are an example where the courts have upheld the parties' right to
 contractually agree to relinquish substantial rights. In every
 arbitration agreement, the parties not only agree to waive a jury trial
 but also to give up their right to present their claim to any judicial
 tribunal deciding the case.

Malan Realty Investors, Inc. v. Harris, 953 S.W.2d 624, 626 (Mo. banc 1997). "If the

contract terms are unequivocal, plain, and clear, the court is bound to enforce the

contract as written." Id. at 626-27. Holm argues that he was never informed by

Menards that he waived his right to a jury trial. He states that Menards did not

direct him to the arbitration clause, explain the potential consequences of a jury

waiver, and that he lacked legal representation in order to waive his right to jury

trial. Notably, Holm does not cite authority supporting his claim that Menards was

so required. This court respects the importance of the jury trial. However, where, as

here, the Arbitration Agreement is clear, unambiguous, and conspicuous, the

arbitration clause does not violate Holm's right to a jury trial.4 Bertocci v.

 4We recognize that the arbitration notice language in the contract does not comply with
Missouri's 436.460 notice requirements. However, for the reasons discussed in Points I and II, above,
the arbitration notice is nonetheless valid.

 13
Thoroughbred Ford, Inc., 530 S.W.3d 543, 558 (Mo. App. W.D. 2017). As such, Holm's

argument on this point does not provide a basis for the trial court's denial of Menards'

Motion to Compel.

 Point IV is granted.

 Conclusion

 For all the reasons stated, the trial court erred in denying Menards' Motion to

Compel. The trial court's order overruling Menards' Motion to Compel is reversed,

and on remand the trial court shall stay the case and order the parties to proceed to

arbitration.

 __________________________________________
 W. DOUGLAS THOMSON, JUDGE
All concur.

 14